S. SCOTT GREENBERG, ESQ.
Nevada Bar No. 4622
CLARK COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL
5100 West Sahara Avenue
Las Vegas, Nevada 89146
Telephone: (702) 799-5373
Email: greens2@nv.ccsd.net
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J.H., a minor, by and through his natural Parent and Guardian Ad Litem, ANDREA ESQUIVEL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PATRICK SIROKY, individually; CLARK COUNTY SCHOOL DISTRICT,<br><br>　　　　Defendants. | Case No.　2:18-cv-02151-JAD-GWF<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

　　　　The parties hereby enter this stipulation and request such be entered as an order of the Court to comply with the Family Educational Rights and Privacy Act ("FERPA") of 1974, 20 U.S.C. §1232g, and Nevada statute NRS 392.029, which generally protects the disclosure of student educational records and personally identifiable student information. In the course of this litigation, it is expected there may be the need for discovery related to third-party student designated MG who was involved in the incident underlying this litigation. This stipulation is

being entered to protect the confidentiality of third-party student records pursuant to federal and state law referenced above.  Pursuant to this stipulation, the Court hereby finds as follows:

## **PURPOSES AND LIMITATIONS**

Discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, or any categories of information not specifically addressed herein, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and designated "confidential" as described herein.

1. The "Litigation" shall mean the above-captioned case, in the United States District Court, District of Nevada Case No. 2:18-cv-02151-JAD-GWF.

2. "Documents" or "Information" shall mean and include documents (whether in hard copy or electronic form), disclosed, filed, or produced in the case.

3. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information.  "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

4. The privacy of students who are not parties to the Litigation is protected under federal and state law and as a school district that receives federal funding, CCSD is bound by the Family Educational Rights and Privacy Act ("FERPA") and is not at liberty to disclose personally identifying information of its students without written consent or court order.  The Parties acknowledge that information that could reasonably likely lead to admissible evidence in this Litigation could contain information that is protected by FERPA.  Accordingly, the Parties agree

1  that, in conjunction with this Litigation, the Parties may designate any Document, thing, material, testimony, or other Information derived from third-party student records of MG, or other student not including Plaintiff, as "CONFIDENTIAL" under the terms of this Confidentiality Agreement and Protective Order (hereinafter "Order") that shall not be provided or made available to third parties except as permitted by, and in accordance with, the provisions of this Order.

5. This order shall be applicable to FERPA protected information discoverable in this Litigation. Any such information or Documents shall be produced following compliance with the FERPA's notice provision requiring at least 10-day notice to the applicable parent/student. The Parties acknowledge FERPA-protected information or Documents will be marked CONFIDENTIAL pursuant to this Stipulated Confidentiality Agreement and Protective Order.

6. CONFIDENTIAL Documents shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL."

7. Testimony taken at a deposition may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition or within thirty (30) business days of receipt of the transcript. Arrangements shall be made with the court reporter taking and transcribing such deposition to label such portions appropriately.

8. CONFIDENTIAL Information/Documents shall be maintained in strict confidence by the Parties who receive such, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

(a) The United States District Court, District of Nevada, or any other court to which this matter may be transferred (the "Court"), so long as the party seeking to file a confidential document under seal complies with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and the Court's electronic filing procedures set forth in Local Rule 10-5(b);

3

    (b) In the event of an appeal, the applicable appellate court which the appeal is proceeding so long as that document is filed under seal;

    (c) The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Counsel");

    (d) A Party, or an officer, director, or employee of a Party or of a Party's affiliate, as long as any such person agrees to be bound by the terms and conditions of this Agreement;

    (e) Subject to the terms of Paragraph 13 below, experts or consultants and their staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation;

  9. If a witness is providing or is provided CONFIDENTIAL Information/Documents during a deposition, said person will be advised such is CONFIDENTIAL and that such may not be discussed outside the deposition.

  10. All designations of Information/Documents as CONFIDENTIAL by the Producing Party must be made in good faith. The Producing Party has the burden at all times to establish that information or documents designated CONFIDENTIAL pursuant to this stipulation and order is entitled to such protection under Ninth Circuit precedent.

  11. A Party may object to the designation of particular Information/Document as CONFIDENTIAL by giving written notice to the Party designating such. The written notice shall identify the Information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the Information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. If such a motion is filed within ten (10) business days after

the date the parties fail to resolve the objection, the disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.

12. Any Information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, use in any other lawsuit**.**

13. With respect to experts pursuant to Paragraph 8, to become an authorized to access CONFIDENTIAL Information/Documents, the expert must be provided with a copy of this Order and must sign a certification acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order.  The Party on whose behalf such a Certification is signed shall retain the original Certification.

14. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL Information/Documents to a person who created or previously received such Information/Documents.

15. The inadvertent production of any Information/Document without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such Information.  If a Producing Party, through inadvertence, produces any CONFIDENTIAL Information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order.  Each receiving person must treat such Information as CONFIDENTIAL in accordance with the notice from the date such notice is received.

16. A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL Information/Document will be disclosed.

17. Nothing in this Order shall be construed as an admission or agreement that any specific Information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

18. The Parties shall comply with the requirements of Local Rule 10-5(b), and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), with respect to any documents filed under seal in this matter.

19. If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Information/Document that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure.

20. The obligation to treat all Information/Document designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such shall survive any settlement or other termination of this Litigation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

21. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

**IT IS SO STIPULATED.**

Dated this 14th day of January, 2019

| CLARK COUNTY SCHOOL DISTRICT | GLEN LERNER INJURY |
| Office of the General Counsel | ATTORNEYS |

By: /s/ S. Scott Greenberg      By:/s/ Joshua L. Benson
    S. SCOTT GREENBERG      JOSHUA L. BENSON
    NVB 4622      NVB 10514
    5100 W. Sahara Ave.      4795 S. Durango Dr.
    Las Vegas, NV 89146      Las Vegas, NV 89147
    Attorney for Defendants      Attorney for Plaintiff

## ORDER

**IT IS HEREBY ORDERED.**

DATED this 23rd day of January, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**