UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| J.H., A MINOR BY AND THROUGH HIS NATURAL PARENT AND GUARDIAN AD LITEM, ANDREA ESQUIVEL,<br><br>            Plaintiffs,<br>v.<br>PATRICK SIROKY, *et al.*,<br><br>            Defendants. | Case No. 2:18-cv-02151-JAD-GWF<br><br>**FINDINGS and RECOMMENDATIONS**<br><br>**Re: Petition for Compromise of Minor's Claim** |

This matter is before the Court on the Petition for Compromise of Minor's Claim (ECF No. 31), filed on April 2, 2019. The petition seeks an order approving the compromise of the bodily injury claim of minor Plaintiff J.H. This matter has been referred to the undersigned magistrate judge by the district judge.

**BACKGROUND**

The complaint in this action alleges that minor Plaintiff J.H was injured while riding as a passenger on a Clark County School District ("CCSD") school bus. Plaintiff was sitting in his seat, when another minor passenger turned and broke Plaintiff's leg. A claim for negligence, negligent hiring and supervision, and respondeat superior has been alleged on behalf of the Plaintiff, by and through his natural parent and guardian, Petitioner Andrea Esquivel. Plaintiffs filed this action in the District Court, Clark County, Nevada and it was removed to this Court by Defendant CCSD based on federal question jurisdiction.

Plaintiff-Petitioner Andrea Esquivel has filed a petition for compromise of minor's claim on behalf of J.H. The Petitioner alleges that she is the natural mother of J.H., a minor of seven (7) years, born in 2011. Plaintiff J.H. resides with the Petitioner at the listed residential address,

1

and Petitioner maintains the physical care, custody and control of Plaintiff J.H.  Plaintiff J.H. was a passenger on the CCSD bus when another passenger injured him in Las Vegas, Nevada on February 1, 2016 and sustained personal injuries as a result of the accident including bruising and a closed fracture of proximal end of right tibia.

As a result of the accident, Petitioner made a demand on Defendant CCSD for the injuries and damages sustained by J.H. and Defendant CCSD has offered to pay $65,000.00, in consideration of a full and final release of all claims on behalf of J.H.  Petitioner represents that copies of all medical records, reports and bills which describe the injury, prognosis, initial and final treatment and progress of recovery of J.H. are attached to the Addendum to Petition (ECF No. 35) along with an itemization of J.H.'s outstanding medical bills in the amount of $1,628.08. The $65,000.00 settlement is subject to a contingent attorney's fee, payable to Plaintiffs' counsel's law firm in the amount of $26,000.00, and costs in the amount of $4,502.25, for total costs and fees of $30,502.25.  The $65,000.00 settlement is also subject to paying the outstanding medical bills in the amount of $1,628.08 and the balance of the settlement proceeds after deducting attorney's fees, costs and unpaid medical bills is $32,869.67, which shall be paid to Petitioner for the establishment of a blocked trust account.  Petitioner believes acceptance of the settlement is in the best interests of J.H. and has been advised and understands that acceptance of the compromise will bar J.H. from seeking further relief from Defendant CCSD for the accident.  Petitioner understands that the settlement funds will be placed in a blocked trust account with Wells Fargo Bank, a federally insured financial institution in the State of Nevada, 4075 S. Fort Apache Rd., Las Vegas, Nevada 89147, until J.H. reaches 18 years of age, at which time the funds will be removed with a court order.  Petitioner further understands that she may be required to file periodic verified reports as the Court deems appropriate and that she will provide the Court with proof of the establishment of the blocked trust account within sixty (60) days of the Court's order approving the compromise.  *Petition* (ECF No. 31), 1-3.

Petitioner requests that the Court enter an order approving the proposed compromise of the minor Plaintiff's claim pursuant to Nevada Revised Statute (NRS) Section 41.200.

. . .

## DISCUSSION

Nevada Revised Statute (NRS) 41.200 states that if an unemancipated minor has a disputed claim for money against a third person, then the parent or guardian of the minor has the right to compromise the claim. "Such compromise is not effective until it is approved by the district court[.]" The statute sets forth the information that must be contained in any petition to compromise the disputed claim of a minor. NRS 41.200.2 (a)-(h). If the claim involves a personal injury suffered by the minor, NRS 41.200.3 requires the petitioner submit all relevant medical and health care records, which must include documentation of (a) the injury, prognosis, treatment, and progress of recovery of the minor; and (b) the amount of medical expense incurred to date, the nature and amount of medical expenses which have been paid and by whom, any amount owing for medical expenses and an estimate of the amount of medical expenses which may be incurred in the future. NRS 41.200.4 states that if the court approves the compromise of the claim of the minor, it must direct that the money be paid to the parent or guardian of the minor, with or without the filing of any bond, as the court, in its discretion, deems to be in the best interests of the minor. NRS 41.200.5 provides that upon receiving the proceeds of the compromise, the parent or guardian to whom the proceeds of the settlement are ordered to be paid, shall establish a blocked financial investment for the benefit of the minor with the proceeds of the compromise.

28 U.S.C. § 636(c) authorizes a magistrate judge to order entry of a judgment in a civil action upon the consent of the parties and when designated by the district court to exercise such jurisdiction. *See Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014). California Rule of Court 7.950 governs the compromise of disputed claims of minors in a manner similar to NRS 41.200. Federal district courts in California generally treat orders approving the compromise of minors' claims as dispositive matters which may only be finally approved by a magistrate judge upon the consent of the parties and the specific referral of the district judge. Otherwise, a magistrate judge may submit findings and recommendations for approval or disapproval of the proposed compromise. *See Riddle v. The National Railroad Passenger Corporation*, 2014 WL 5783825 (S.D.Cal. 2014) (magistrate judge approved minors' compromise based on referral from district

3

1 judge and consent of the parties); *Moore v. Count of Kern*, 2009 WL 3584355, *1 (E.D.Cal.
2 2009) (magistrate judge entered findings and recommendations regarding approval of petition for
3 compromise of minor's claim); and *Romar v. Fresno Community Hospital and Medical Center*,
4 2009 WL 1939023 (E.D.Cal. 2009) (order adopting in part findings and recommendations of
5 magistrate judge following *de novo* review of petition to approve compromise).  The undersigned
6 therefore concludes that it is appropriate to issue findings and recommendations to the District
7 Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

8    The Court finds that the Petition in this case, together with the exhibits attached thereto,
9 provides all of the information and documentation required under NRS 41.200.  The Court
10 further finds that the proposed compromise is reasonable and appears to be in the best interest of
11 the minor Plaintiff J.H..  The Court further finds that because the net amount to be paid for the
12 benefit of the minor Plaintiff exceeds $10,000.00, Petitioner shall file a periodic verified annual
13 report detailing the activities of the blocked trust account during the previous twelve (12)
14 months, pursuant to NRS 41.200(5).  Accordingly,

15 **<u>RECOMMENDATION</u>**

16    **IT IS HEREBY RECOMMENDED** that the Petition for Compromise of Minor's Claim
17 (ECF No. 31) be **approved** by the Court as follows:

18    1. That the proposed settlement of the claim of the minor against CCSD and Patrick
19 Siroky be approved in the sum of $65,000.00.

20    2. That the medical bill for HMS Nevada Recovery in the amount of $1,628.08 be
21 paid out of the settlement.

22    3. That the $65,000.00 settlement is subject to attorney fees and costs in the amount
23 of $30,502.25 which may be paid from the settlement proceeds.

24    4. That the remainder of the settlement in the sum of $32,869.67 be paid to
25 Petitioner for the establishment of a blocked trust account at Wells Fargo Bank, a federally
26 insured financial institution in the State of Nevada, located at 4075 S. Fort Apache Rd., Las
27 Vegas, Nevada 89147.  Authorization to establish the blocked account for the benefit of the
28 minor should be given to the Petitioner or a representative of the Glen Lerner Injury Attorneys.

6. That the funds deposited in the blocked trust account shall not be liquidated or diminished prior to June 9, 2029, upon the minor reaching the age of eighteen (18) years, with Court approval, with a final accounting as to the funds and upon showing that the withdrawal is in the best interest of the minor child.

7. That the Petitioner shall, within sixty (60) days, file proof of the establishment of the blocked account.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 8th day of May, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE